```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

ANGELA DOZIER,

        Petitioner,

    -v-

ADA PEREZ,

        Respondent.

**08-CV-00291**

**MEMORANDUM and ORDER**

*Pro se* Petitioner Angela Dozier, an inmate of the Bedford Hills Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254, alleging that her conviction in Supreme Court, Erie County, State of New York for murder in the second degree (N.Y. Penal Law ("Penal Law") § 125.25) and two counts of endangering the welfare of a child (Penal Law § 260.10) were unconstitutionally obtained, as set forth more precisely in her habeas corpus petition. Docket No. 1. The same day Petitioner filed her habeas corpus petition, she also filed a motion to stay and hold the petition in abeyance while she exhausted a claim based on "newly discovered evidence." Docket No. 2.[1] On March 30, 2009, the Court (Hon. Leslie G. Foschio) granted Petitioner's motion to stay the instant habeas

---

[1] In her motion to stay the petition, Petitioner noted that she had filed a "mixed" petition and intended on filing a motion in state court, pursuant to N.Y. Crim. Proc. L. ("CPL") § 440.10, by the second week of May 2008 "in order to exhaust her claims to the lower Courts." Docket No. 2. Petitioner, however, did not specifically indicate which ground(s) raised in the habeas petition was/were unexhausted. Id.

1

corpus action pending exhaustion of Petitioner's state claims. Docket No. 5. On July 1, 2009, Petitioner filed a motion for an extension of time based upon the failure of the Erie County District Attorney's Office to respond to her CPL § 440.10 motion, which appears to have been filed by Petitioner at some point prior to August 12, 2008.[2] Docket No. 6. Petitioner's motion for an extension of time was denied on the basis that her motion to stay the habeas corpus action had been granted on April 30, 2009. Docket No. 7.

To date, the Court has received no indication from Petitioner what the status of her exhaustion proceedings may be. Accordingly, Petitioner is hereby ordered to advise the Court, in writing, by **February 12, 2011** of the status of her exhaustion proceedings, specifically noting what post-convictions motions or requests for relief she has filed, the state court or courts in which the motions or requests for relief were filed, and the status of the motions or requests for relief. If Petitioner fails to comply with the Order by **February 12, 2011,** her unexhausted claims will be dismissed without prejudice and she may later be barred from bringing them again, either in this matter or a later filed matter,

---

[2] Attached to Petitioner's motion for an extension of time is a letter dated June 2, 2009 from Supreme Court Chambers, Erie County, State of New York to Donna A. Milling, Esq., Chief Appeals Bureau, Erie County District Attorney's Office, indicating that Supreme Court Chambers had forwarded a copy of Petitioner's CPL § 440.10 motion to attorney Milling's office on August 12, 2008 and, as of the date of the letter, had not received a response from attorney Milling's office. Docket No. 6 at 2.

either because they may be untimely, see 28 U.S.C. § 2244(d)(1), or because of the gate-keeping rules regarding successive or second petitions for habeas corpus relief, see 28 U.S.C. § 2244(b).

**SO ORDERED.**

DATED: Rochester, New York
January 12, 2011

S/Michael A. Telesca

---
MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE